EDGAR LINKENHOGER v. AMERICAN FIDELITY
& CASUALTY COMPANY INCORPORATED.

No. A-4110. Decided July 22, 1953.
Rehearing overruled October 14, 1953.
(260 S. W. 2d Series 884)

*Carrington, Gowan, Johnson & Walker, Paul Carrington* and *John L. Hauer,* all of Dallas, for petitioner.

The Court of Civil Appeals erred in holding that plaintiff's cause of action was barred by limitation. Universal Automobile Ins. Co. v. Culberson, 86 S.W. 2d 727; T. B. Meeks Co. v. Hudgins, 22 S.W. 2d 764; Cavitt v. Amsler, 242 S.W. 246.

*Klett, Bean & Evans* and *E. L. Klett,* all of Lubbock, for respondent.

Plaintiff's cause of action was barred within two years. Quinn v. Press, 135 Texas 60, 140 S.W. 2d 438; Carrell v. Denton, 138 Texas 145, 157 S.W. 2d 878; Owen v. King, 130 Texas 614, 111 S.W. 2d 695.

MR. JUSTICE CULVER delivered the opinion of the Court.

Petitioner, Linkenhoger, sued respondent, American Fidelity & Casualty Company, under the theory of liability pronounced in the Stowers case.[1] It was alleged that in a former personal injury suit tried in 1948, (Linkenhoger v. Gilbert, 223 S. W. 2d. 308), the respondent-insurer, under a standard automobile liability policy undertook control of Linkenhoger's defense to the suit brought by Gilbert; that while in control of such defense respondent negligently rejected a number of reasonable settlement offers within the policy limits, with the result that Gilbert obtained judgment against Linkenhoger to the amount of $6,758.08 in excess of the policy limits, which excess was paid off by Linkenhoger after the judgment in that case became final.

The jury found respondent guilty of both ordinary and gross negligence, awarding to the petitioner the sum of $6,758.08 actual damages and an equal amount as exemplary damages.

The trial court entered judgment for petitioner on the verdict for the amount of actual damages, but denied him any recovery for exemplary damages. On appeal the Court of Civil Appeals reversed and rendered this cause, 257 S.W. 2d 718, in favor of respondent, holding that the statute of limitation began to run at the time of the rejection of the last offer of settlement, and that this suit not having been brought within the period of two years thereafter, the same was barred. Petitioner contends that limitation did not begin to run until the judgment became final against him and that this suit having been filed within two years of that date, the same is not barred.

The trial court's judgment in Linkenhoger v. Gilbert was affirmed by the Court of Civil Appeals on May 25, 1949, 223 S.W. 2d 308. Writ of error was refused by the Supreme Court on September 20, 1949, 148 Texas 640, and the instant suit was filed on September 6, 1951.

The opinion in the case of Universal Automobile Insurance

---

[1] G. A. Stowers Furniture Co. v. American Indemnity Co., 15 S.W. 2d 544 (Com. App. 1929).

Co. v. Culberson et al., 126 Texas, 282, 86 S. W. 2d. 727, clearly supports petitioner's contention. Culberson had brought suit against his insurer for the entire judgment rendered against him, including that portion over and above the policy limit. The court held that as to such excess Culberson could maintain no action against the insurer until he had paid some portion thereof.

In Williams et al v. Pure Oil Co., 124 Texas 341, 78 S. W. 2d. 929, 931, the rule is announced as follows:

"It seems to be the settled law of this state that limitation does not begin to run until the right or cause of action accrues. The right or cause of action does not exist until facts exist which authorize the person asserting the claim to seek relief in a court of competent jurisdiction from the person due to make reparation. It involves both the existence of the right and facts sufficient to constitute a cause of action."

In a somewhat analogous situation it has been held that a cause of action for damages is not complete and will not accrue to an attaching creditor against one converting a part of the attached property until a sale of that portion remaining shows that the creditor has not obtained full satisfaction of his judgment. Humble Oil & Refining Co. v. Andrews, 285 S. W. 894.

In Deaton v. Rush, 113 Texas 176, 252 S. W. 1025, a vendor's cause of action for recovery of certain land, the deed to which was obtained by fraud, is said not to accrue until after the cancellation of such deed, the reason being that such action could not be maintained until the deed had been set aside. Similarly the right of recovery of funds which were wrongfully paid under garnishment proceedings will not accrue until final judgment in the main case and consequently limitation will not begin to run theretofore. T. B. Meeks Co. v. Hudgins, 22 S. W. 2d. 764 (CCA).

Respondent asserts that "a cause of action based upon the negligence of the agent of a party accrues at the time of the wrongful act and consequently limitation commences to run at that time and not at the time of the ascertainment of damages, if any," citing Quinn v. Press, 135 Texas 60, 140 S. W. 2d. 438, 128 A.L.R. 757; American Indemnity Co. v. Ernst & Ernst, 106 S. W. 2d. 763 **(wr. ref.).**

■ Generally speaking the rule so announced is correct, but

before the act becomes wrongful there must be an invasion of the rights of the plaintiff.

In Restatement, Torts, Sec. 899 (C. 1939) it is stated:

"A tort is ordinarily not complete until there has been an invasion of a legally protected interest of the plaintiff. Thus where one makes a fraudulent misrepresentation to another, the tort is not complete until the other acts thereon to his detriment."

In the Quinn case, supra, the suit was one for fraud based on false representations as to the value of certain property. The falsity vel non of the representations was a fact that could have been presently ascertained. The court merely held that the cause of action accrued at the time the fraud is perpetrated even though "the alleged injured party may not with certainty know at the time the fraud is committed or at the time it is discovered just how much, if any, in dollars and cents he has been damaged". No fraud has been perpetrated, however, until the plaintiff has acted in reliance upon false representations. American Indemnity Co. v. Ernst & Ernst, 106 S. W. 2d. 763 (wr. ref.) and Houston Water-Works v. Kennedy, 70 Texas 233, 8 S. W. 36, relied upon by respondent, are both cited in the Quinn case and hold to the same effect.

In 54 C.J.S., Limitations of Actions, Sec. 168, the rule is set forth: "The test to determine when the statute of limitations begins to run against an action sounding in tort is whether the act causing the damages does or does not of itself constitute a legal injury, that is, an injury giving rise to a cause of action because it is an invasion of some right of plaintiff."

A very good illustration of the point is to be found in the case of City of San Antonio v. Talerico, 98 Tex. 151, 81 S. W. 518, where a plaintiff sued the city for injuries caused by negligence in allowing a hole to remain in the sidewalk. Some two years after plaintiff's injury the city impleaded an abutting property owner claiming that he had negligently dug the hole and asked judgment over and against him for whatever amount the plaintiff recovered against the city. The court held that no limitation against the city ever commenced to run so long as it had no cause of action, and a cause of action could only arise in its favor when it sustained damage from the act of the property owner.

The petitioner, Linkenhoger, could not have maintained this present suit until such time as his liability and the extent thereof had been determined by a final judgment in the former case. Until then his rights had not been invaded by respondent's failure to accept the terms of settlement offered and the tort was not complete.

We sustain the petitioner's point and hold that limitation did not begin to run in any event until the judgment in the former case became final and, therefore, that this cause of action is not barred by the two-year statute of limitation.

■ The only other point raised is on the action of the trial court in rendering judgment against petitioner on his claim for exemplary damages notwithstanding the jury's verdict. Petitioner submits that by reason of "its lackadaisical preparation of said case for trial, its failure to arrange for Edgar Linkenhoger's presence at the time and its refusal to accept any of said Gilbert's compromise settlement offers or to make any counter offer of settlement in excess of $5,000.00, the defendant, American Fidelity & Casualty Company was guilty of gross negligence toward your plaintiff Linkenhoger." We think such failures and omissions would not be sufficient to constitute gross negligence. Even so petitioner refers to nothing in the record that would indicate a "lackadaisical" preparation unless it be the failure to have the defendant Linkenhoger present at the trial for "psychological" reasons. Linkenhoger was not a witness who had knowledge of any of the facts and his presence could have had no more than some moral suasion on the jury. In the only case cited by petitioner on this point, Texas Pac. Coal & Oil Co. v. Robertson, 125 Texas 4, 79 S. W. 2d. 830, 98 A.L.R. 262, gross negligence is said to be "positive or affirmative, rather than merely passive or negative as ordinary negligence often, and perhaps usually, is." We think the evidence did no more than make out a case of ordinary negligence and would not warrant an award for gross negligence. The point is therefore overruled.

The judgment of the Court of Civil Appeals is accordingly reversed and that of the trial court in all things affirmed. It is so ordered.

Opinion delivered July 22, 1953.

Rehearing overruled October 14, 1953.