Glen ARNOLD, Petitioner,

v.

NATIONAL COUNTY MUTUAL FIRE
INSURANCE COMPANY,
Respondent.

No. C–4674.

Supreme Court of Texas.

Jan. 28, 1987.

Rehearing Denied March 25, 1987.

Dale W. Felton, Felton & Associates, Stan Pfeiffer, Whittington, Pfeiffer & Vacek, Houston, for petitioner.

Larry Funderburk, Kurt Groten, Funderburk & Funderburk, Houston, for respondent.

## OPINION

RAY, Justice.

Glen Arnold appeals from a summary judgment granted defendant National County Mutual Insurance Company. The court of appeals, in an unpublished opinion, affirmed the trial court's judgment on the grounds that Arnold's common law and statutory causes of action, if valid, were barred by limitations. We reverse that part of the judgment denying the common law cause of action and remand the cause to the trial court.

This is a suit on an insurance contract. In June 1974, Arnold was severely injured when the motorcycle he was operating was struck by a car driven by an uninsured motorist. Arnold was insured by NCM under a policy that included "uninsured motorist" protection with a limit of $10,000. Arnold made timely demand for payments up to the limit and an independent insurance adjusting firm recommended, within six months following the date of the accident, that NCM pay the entire policy limit to Arnold. NCM refused to pay although it is not clear when it specifically denied the claim.

Arnold sued both the uninsured motorist and the insurance company in late June 1974. In December 1977, Arnold obtained a judgment against both defendants for approximately $17,975. NCM then paid Arnold the $10,000 policy limit. Arnold filed this suit on December 27, 1978, alleging various statutory causes of action and a common law cause of action for NCM's breach of its duty of good faith and fair dealing in its handling of his claim. The trial court granted summary judgment in favor of NCM on all of Arnold's causes of action.

Summary judgment evidence shows that NCM based its decision to deny the claim on the advice of its agent, who was the attorney handling the file. Even though the uninsured motorist admitted that the collision was his fault, NCM refused to negotiate a settlement. In his deposition the attorney handling the file admitted that he was inexperienced in insurance matters and based his recommendation on his perception that a jury would be prejudiced against motorcyclists, that Arnold was driving too fast under the existing conditions and that Arnold was intoxicated. The summary judgment evidence relied on by Arnold also showed that the defenses of

speed and intoxication proferred by the attorney were very weak at best and ultimately intoxication was not pleaded. NCM failed to investigate the facts supporting the attorney's contentions. An issue of fact was raised as to NCM's reasonableness in failing to settle the claim and forcing Arnold to trial.

In order to decide if the court of appeals erred in upholding the summary judgment on limitations grounds, we must first resolve those points of error directed to the underlying causes of action.

## STATUTORY CAUSES OF ACTION

■ The court of appeals did not err in upholding the trial court's rendition of summary judgment on Arnold's causes of action under the Deceptive Trade Practices Act (DTPA) and articles 21.21 and 21.21–2 of the Texas Insurance Code. His causes of action under the Texas Insurance Code, both independently and as pleaded through the DTPA, are barred by article 17.22 of the Texas Insurance Code which exempted county mutual insurance companies from articles 21.21 and 21.21–2 at the time this suit was brought. *Jewell v. Mobile County Mutual Insurance Company*, 566 S.W.2d 295 (Tex.1978).

■ Arnold also pleaded that NCM violated § 17.46(a) and (b)(5) and (12) of the DTPA "by representing that the policy would pay uninsured motorist benefits when certain prerequisites were fulfilled and when, in fact, no payment of those benefits was made after complete compliance by Plaintiff of the prerequisites until judgment after jury verdict." Arnold did not plead and there is no summary judgment evidence that NCM made any misrepresentations. Even if Arnold had stated a cause of action for misrepresentation, it was barred by limitations.

## COMMON LAW CAUSE OF ACTION– DUTY OF GOOD FAITH AND FAIR DEALING

■ Arnold raises the issue of whether there is a duty on the part of insurers to deal fairly and in good faith with their insureds. We hold that such a duty of good faith and fair dealing exists. *See,* Zupanec, *Cause of Action in Tort for Bad Faith Refusal of Insurer to Pay Claim of Insured* § 2, in Vol. 1 Shepard's Causes of Action 205 (1983).

While this court has declined to impose an implied *covenant* of good faith and fair dealing in every contract, we have recognized that a duty of good faith and fair dealing may arise as a result of a special relationship between the parties governed or created by a contract. *Manges v. Guerra*, 673 S.W.2d 180, 183 (Tex.1984); *See, English v. Fischer*, 660 S.W.2d 521, 524 (Tex.1983) (Spears, J., concurring).

In the insurance context a special relationship arises out of the parties' unequal bargaining power and the nature of insurance contracts which would allow unscrupulous insurers to take advantage of their insureds' misfortunes in bargaining for settlement or resolution of claims. In addition, without such a cause of action insurers can arbitrarily deny coverage and delay payment of a claim with no more penalty than interest on the amount owed. An insurance company has exclusive control over the evaluation, processing and denial of claims. For these reasons a duty is imposed that "[An] indemnity company is held to that degree of care and diligence which a man of ordinary care and prudence would exercise in the management of his own business." *G.A. Stowers Furniture Company v. American Indemnity Company*, 15 S.W.2d 544, 548 (Tex.Comm'n App.1929, holding approved).

■ A cause of action for breach of the duty of good faith and fair dealing is stated when it is alleged that there is no reasonable basis for denial of a claim or delay in payment or a failure on the part of the insurer to determine whether there is any reasonable basis for the denial or delay. Arnold pleaded and produced sufficient summary judgment proof to raise an issue of material fact that NCM had no reasonable basis for its refusal to pay his uninsured motorist claim and with actual knowledge of that, forced him to a trial on the accident before it would pay the claim.

## EXEMPLARY DAMAGES

Arnold further complains that the trial court erred in granting summary judgment by ruling that he was not entitled to recover exemplary damages and mental anguish damages. It is clear from the record that the summary judgment does not specifically address the issue of damages and, of course, in the absence of a viable cause of action there would not be a damage recovery. However, we would point out that exemplary damages and mental anguish damages are recoverable for a breach of the duty of good faith and fair dealing under the same principles allowing recovery of those damages in other tort actions. *See, e.g., Trenholm v. Ratcliff,* 646 S.W.2d 927 (Tex.1983) and authorities cited therein; *Clements v. Withers,* 437 S.W.2d 818 (Tex.1969); *Ware v. Paxton,* 359 S.W.2d 897 (Tex.1962); *Bennett v. Howard,* 141 Tex. 101, 170 S.W.2d 709 (1943).

## LIMITATIONS

The court of appeals held that all of Arnold's causes of action including his good faith and fair dealing claim were barred by both the two-year (tort) and four-year (contract) statutes of limitations. Tex.Rev.Civ.Stat.Ann. art. 5526 and art. 5527 (now Tex.Civ.Prac. & Rem.Code §§ 16.003 & 16.004). This was based on that court's reasoning that Arnold's rights were invaded at the time his claim was rejected.

Arnold argues that as in *"Stowers"* cases the statute of limitations should not begin to run until judgment in the underlying cause becomes final. *See Linkenhoger v. American Fidelity & Casualty Company, Inc.,* 152 Tex. 534, 260 S.W.2d 884 (1953). We agree with the reasoning in *Linkenhoger* and hold that the statute of limitations does not begin to run on a good faith and fair dealing claim until the underlying insurance contract claims are finally resolved.[1] *See also Maryland American General Insurance Company v. Blackmon,* 639 S.W.2d 455 (Tex.1982). Thus,

Arnold's cause of action for breach of the duty of good faith and fair dealing is not barred by the applicable two-year statute of limitations governing actions for personal injury. Tex.Rev.Civ.Stat.Ann. art. 5526 (now Tex.Civ.Prac. & Rem.Code § 16.003).

The judgment of the court of appeals denying Arnold's statutory causes of action is affirmed. We reverse that part of the judgment denying the common law cause of action and remand the cause to the trial court for further proceedings consistent with this opinion.

GONZALEZ, J., concurs.

GONZALEZ, Justice, concurring.

I concur. I believe that the elements of this cause of action are: (1) a contract between the insurer and the insured; (2) the insurer denied the insured's claim or delayed in payment; and (3)(a) the insurer knew that it had no reasonable basis for denying the claim or delaying in payment; or (b) the insurer failed to determine whether there was any reasonable basis for the denial or delay.

---

1. This does not mean that a contract claim and a claim for breach of the duty of good faith and fair dealing may not be tried together when possible.