**NATIONAL COUNTY MUTUAL FIRE INSURANCE COMPANY, Relator,**

v.

**The Honorable John STREET, et al., Respondents.**

**No. 2–87–075–CV.**

Court of Appeals of Texas, Fort Worth.

March 23, 1988.

Bill Waltrip, Wallace Craig, Clint Oldham, Fort Worth, Donald G. Stanford, Dallas, for respondents.

Before LATTIMORE, FARRIS and KELTNER, JJ.

## OPINION

LATTIMORE, Justice.

This is an original proceeding brought out of an action against relator by respondent Howard seeking damages for relator's negligence in failing to settle a claim against respondent Howard.

Relator, National County Mutual Fire Insurance Company, seeks the issuance of a writ of mandamus to compel the Honorable John Street: to enter an order abating the underlying case until an appeal presently pending before this court becomes final; or to dismiss the underlying case; or to cease to exercise any jurisdiction over the underlying case. Relator further requests this court to grant a writ of prohibition, prohibiting any action in the suit by any party until the original tort action becomes final on appeal.

Mandamus is sought pursuant to our authority under TEX.GOV'T CODE ANN. sec. 22.221(b) (Vernon Pamph.1988); *see also* TEX.R.APP.P. 121.

The writ of mandamus is authorized.

Relator is the insurer of a gravel truck operator, Ben Howard. Howard was employed by Fincher Brothers, Inc. Arthur Riley and wife, Ramona, sued Howard for injuries sustained in an automobile accident, and were awarded a three million dollar plus judgment against Howard on December 18, 1986. Howard appealed the judgment to this court where it is presently pending in Cause No. 02–87–013–CV (hereinafter original tort action).

On January 12, 1987, Howard instituted a Stowers [1] action against relator alleging it was negligent in failing to settle for the policy limits. Fincher Brothers, Inc. intervened in the Stowers action. Fincher

Smith, Smith and Smith Law Office, Van Shaw and Lancaster Smith, Dallas, Harvey L. Davis, Austin, for relator.

---

1. *G.A. Stowers Furniture Co. v. American Indemnity Co.,* 15 S.W.2d 544 (Tex.Comm'n App.1929, holding approved).

Brothers, Inc. had been a defendant in the original tort action, but settled with the Rileys and was released. Also intervening were the Rileys as judgment creditors of Howard. All parties are named as respondents in the mandamus action. Additional named respondents are Bill Waltrip, Clint Oldham and Wallace Craig, who are the attorneys of record for Ben Howard, Fincher Brothers, Inc. and Mr. and Mrs. Riley respectively.

In the underlying case, relator filed its first plea in abatement on February 12, 1987 objecting to the Stowers action on the ground it was brought prior to the rendition of a final judgment in the original tort action. On March 23rd, relator filed a second plea in abatement objecting to the petition in intervention by Fincher Brothers. On April 1st, relator filed a motion to dismiss and alternatively a motion to abate the Rileys' Stowers petition in intervention. In each of these motions relator urged that the Stowers action was brought prematurely and objected to the standing of the intervenors. Judge Street, after hearing argument of counsel and considering the pleadings and briefs, denied the three pleas in abatement and the motion to dismiss, on April 13, 1987.

This court granted leave to file a petition for writ of mandamus and prohibition, and stayed all further discovery by order of April 15, 1987.

In deciding whether a writ of mandamus is appropriate, we recognize that mandamus will not issue unless a clear abuse of discretion is shown. *See West v. Solito*, 563 S.W.2d 240, 244 (Tex.1978); *Allen v. Humphreys*, 559 S.W.2d 798, 801 (Tex. 1977); *Barker v. Dunham*, 551 S.W.2d 41, 42 (Tex.1977). Furthermore, appellate courts will not intervene to control incidental trial court rulings when there is an adequate remedy by appeal. *Jampole v. Touchy*, 673 S.W.2d 569, 572–73 (Tex.1984); *State Bar of Tex. v. Heard*, 603 S.W.2d 829, 833 (Tex.1980).

Mandamus has traditionally been an extreme measure to be utilized only when there has been a violation of a clear legal right possessed by the relator, *Neville v. Brewster*, 163 Tex. 155, 352 S.W.2d 449, 452 (1961), and when there is a clear legal duty to act on behalf of the respondent. *Pat Walker & Co., Inc. v. Johnson*, 623 S.W.2d 306, 308 (Tex.1981).

"The test for abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action. Rather, it is a question of whether the court acted without reference to any guiding rules and principles." *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238 241–42 (Tex. 1985).

A plea in abatement is proper if the pendency of one suit in a court of competent jurisdiction precludes the maintenance of another suit involving the same parties in a court of equal jurisdiction. *First State Bank of Bishop, Tex. v. Norris*, 611 S.W.2d 680, 683 (Tex.Civ.App.—Tyler 1980, writ ref'd n.r.e.).

Relator argues that the "no action clause" in the insurance policy prevents an insured from filing suit against the insurer while the case is pending appeal. This provision reads as follows:

No action shall lie against the company unless, as a condition precedent thereto, there shall have been full compliance with all of the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either *by judgment* against the insured *after actual trial* or by written agreement of the insured, the claimant and the company. [Emphasis added.]

Relator suggests that the matter is not "finally determined" by judgment until the appellate process is exhausted. Relator cites this court to *Arnold v. Nat. County Mut. Fire Ins. Co.*, 725 S.W.2d 165 (Tex. 1987), and *Linkenhoger v. American Fidelity & Casualty Co.*, 152 Tex. 534, 260 S.W.2d 884 (1953) to support its contention that a judgment is not final until the appellate process has been exhausted. *Arnold* and *Linkenhoger* hold that the statute of limitations does not begin to run on a claim against the insurer until the underlying insurance claims are finally resolved.

In *Linkenhoger,* a Stowers action was instituted on September 6, 1951, which was two weeks short of two years after the Texas Supreme Court denied the writ in the tort action, September 20, 1949. The insurance company was successful in the court of appeals in arguing that the statute of limitations began to run at the time of the rejection of the last offer of settlement and therefore, the Stowers suit was barred by the two year statute of limitations. In reversing the court of appeals, the Texas Supreme Court held that the cause of action in a Stowers case accrues when the rights of the insured have been invaded by the insurer's failure to accept the terms of the settlement. *Linkenhoger,* 260 S.W.2d at 885–87. This invasion occurs when all matters of liability are resolved and the appellate process is exhausted. *Id.* The Texas Supreme Court reaffirmed the *Linkenhoger* rule in *Arnold,* wherein it adopted the rationale to apply to good faith and fair dealing claims. *Arnold,* 725 S.W.2d at 167.

■ In the instant case, in keeping with *Linkenhoger's* holding that limitations do not begin to run on a Stowers case until the final resolution of an appeal, it follows that a triable cause of action does not accrue until that same time.

We therefore hold that a triable cause of action in this Stowers-type case does not accrue and will not accrue until the termination of the appellate proceedings in the original tort action. The appeal may be successful and a party should not be required to defend against a cause of action which may never be triable. Having been brought prematurely, the suit should have been abated.

■ The question now becomes whether or not mandamus is the proper remedy to correct the error or if relator has an adequate remedy by appeal. *Jampole* 673 S.W.2d at 572 reiterates the standard by which the adequacy of an appeal is measured. The remedy by appeal must be "equally convenient, beneficial, and effective as mandamus." *Id.* at 576.

Relator should be relieved of the burden of defending this premature suit. Judge Street should act on behalf of relator. Fur-thermore, the appeal is not a remedy for relator equally convenient, beneficial, and effective as mandamus and prohibition. Consequently, mandamus is the appropriate remedy for relator.

As long as the underlying claim is not finally determined, relator should be protected from discovery of privileged material in the Stowers actions. *See Maryland American General Ins. Co. v. Blackmon,* 639 S.W.2d 455 (Tex.1982).

*Maryland American General Ins. Co.* does not stand for the proposition that until the cause of action has ripened no discovery is permissible. It stands for the proposition that as long as a cause is pending, rule 166 of the Texas Rules of Civil Procedure privileges may be asserted as to the pending cause, and may be raised in another case.

■ The movant cites us no case as the authority for the proposition that all discovery must cease until the cause of action is triable. The rules of pretrial discovery provide protection against abuse of the discovery process. It is within the trial court's sound discretion to determine and prevent prohibited discovery and to provide relator protection from misuse of discoverable material. *Western Cas. & Sur. Co. v. Spears,* 730 S.W.2d 821 (Tex.App.—San Antonio 1987, no writ). The trial court's decision to deny National's motion to dismiss the Rileys' intervention is not a proper subject of a mandamus action. In this regard, National has an adequate remedy by way of appeal. *See Brown v. Barlow,* 685 S.W.2d 406 (Tex.App.—San Antonio 1985, no writ).

It is presently the case law in Texas that a judgment creditor of an insured has no direct action against an insurance company, *Cook v. Superior Insurance Company,* 476 S.W.2d 363, 364 (Tex.Civ.App.—Beaumont 1972, writ ref'd n.r.e.), except for statutorily mandated insurance to the extent of the required policy limits. *Dairyland County Mut. Ins. v. Childress,* 650 S.W.2d 770, 774 (Tex.1983). A Stowers action belongs to the insured alone. *See Becker v. Allstate Ins. Co.,* 678 S.W.2d 561

(Tex.App—Houston [14th Dist.] 1984, writ ref'd n.r.e.); *Samford v. Allstate Ins. Co.,* 529 S.W.2d 84, 87 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n.r.e.); *Cook,* 476 S.W.2d at 364; *see also* Annot., 63 A.L. R.3d 677 (1975) (Injured Persons' Right Against Insurer). We anticipate Judge Street will abate the underlying case pending the appeal of the original tort action. Should he fail to do so within 30 days of the issuance of this opinion, the clerk of this court will be instructed to issue the writ of mandamus and prohibition.

KELTNER, J., concurs and dissents.

KELTNER, Justice, concurring and dissenting.

I agree with most of the majority's opinion, but respectfully dissent from that part of the opinion ordering Judge Street to abate the Stowers [1] case.

Specifically, I do not agree that a Stowers case against an insurer does not accrue until the termination of the appellate proceedings in the original tort action against the insured.

The majority holds that a Stowers cause of action does not accrue until final resolution of the appeal of the original tort suit. In reaching this decision, the majority relies on the recent supreme court case of *Arnold v. Nat. County Mut. Fire Ins. Co.,* 725 S.W.2d 165 (Tex.1987). The supreme court's opinion in *Arnold* does hold that the statute of limitations on a Stowers case begins to run when the judgment is final. *Id.* at 168. However, the court's opinion does not state when the judgment becomes final.

Nonetheless, the supreme court relied on one of its prior decisions in making the determination that the statute of limitations does not begin to run until the judgment is final. *Linkenhoger v. American Fidelity & Casualty Co.,* 152 Tex. 534, 260 S.W.2d 884 (1953). In that case, an insurance company defended a Stowers case by stating that the statute of limitations begins to run in a Stowers case when the insurance company rejects a reasonable settlement offer. *Id.* 260 S.W.2d at 885. The supreme court rejected this argument and stated that the statute of limitations does not begin to run until the judgment becomes final. *Id.* at 887. Although the opinion does not so state, it is obvious from the dates involved that the supreme court assumed that a judgment was final only once the appellate process had been exhausted. *Id.* at 885.

The concept of finality in Texas has radically changed since *Linkenhoger* was decided. Our supreme court recently adopted the Restatement (Second) of Judgments' concept of finality. *Scurlock Oil Co. v. Smithwick,* 724 S.W.2d 1, 6 (Tex.1986). In *Scurlock Oil,* the supreme court was confronted with the issue of when a judgment can be used for res judicata, collateral estoppel, and issue preclusion purposes. *Id.* at 5–6. The court recognized that Texas was one of only a few jurisdictions which held that a judgment is not final for preclusion purposes while appeal is pending. *Id.* at 5. As a result, the supreme court overruled a line of Texas cases and adopted section 13, comment f of the Restatement, which provides:

> [T]he better view is that a judgment otherwise final remains so despite the taking of an appeal unless what is called an appeal actually consists of a trial de novo.

RESTATEMENT (SECOND) OF JUDGMENTS sec. 13 comment f (1982).

In that case, Scurlock Oil argued that a judgment on appeal should be denied the character of finality necessary to allow its admission into evidence in a subsequent trial. The supreme court noted there were disadvantages to the new finality rule, but rejected Scurlock's arguments holding that the prior finality law had a greater potential for harm. *Scurlock Oil,* 724 S.W.2d at 6.

The situation before us is analogous to that in *Scurlock Oil.* A judgment, in ex-

---

1. *G.A. Stowers Furniture Co. v. American Indemnity Co.,* 15 S.W.2d 544 (Tex.Comm'n App.1929, holding approved).

cess of the insured's policy limits, has been entered against the insured. No supersedeas bond has been filed to supersede the enforcement of the judgment. As a result, the insureds remain at risk.

It is true that if our court reverses the judgment of the trial court, the insured's cause of action against the insurance company will suffer. However, this harm is no less than the application of the finality rule in res judicata, collateral estoppel, and issue preclusion cases. In most cases, a judgment in a second case based upon preclusive effects of a prior judgment cannot stand if the first judgment is reversed. As a result, the reversal of the first judgment may result in two retrials, although this outcome is not automatic. *See* RESTATEMENT (SECOND) OF JUDGMENTS sec. 16 (1982).

I dissent from that part of the majority's opinion which issues the writ of mandamus ordering the trial court to abate the cause of action. However, I concur with those parts of the majority's opinion which refuse to grant a writ of mandamus ordering the trial court to dismiss the Rileys' intervention, and refusing to grant a writ of mandamus ordering the trial court to stay all discovery pending the exhaustion of appellate remedies.