**Gloria RODRIGUEZ, Plaintiff,**

v.

**BENSON PROPERTIES, INC., Defendant.**

**Civ. A. No. SA–88–CA–903.**

United States District Court, W.D. Texas, San Antonio Division.

March 15, 1989.

functions just because they may all be considered to provide subject matter jurisdiction.

Alonzo Villarreal, Jr., San Antonio, Tex., for plaintiff.

Shelton E. Padgett, Akin, Gump, Strauss, Hauer & Feld, San Antonio, Tex., for defendant.

## ORDER

PRADO, District Judge.

On this date came on to be considered Defendant's Motion for Partial Summary Judgment and Application for Injunctive Relief, filed in the above-styled and numbered cause on November 30, 1988. Plaintiff has filed no opposition to the motion.

Defendant requests the Court to enter summary judgment in its favor on the four state law causes of action brought by Plaintiff against Defendant in her First Amended Complaint. These causes of action are for (1) breach of an implied covenant of good faith and fair dealing, (2) breach of a verbal hiring promise, (3) breach of the doctrine of promissory estoppel, and (4) breach of contract and promissory estoppel.

## I. First Cause of Action

■ As to the first cause of action, in her complaint, Plaintiff contends that a covenant of good faith and fair dealing was implied in the employment relationship which existed between Plaintiff and Defendant. Texas courts have recognized that an employer/employee relationship is contractual in nature. *Pioneer Casualty Co. v. Bush,* 457 S.W.2d 165, 169 (Tex.Civ.App. —Tyler 1970, writ ref'd n.r.e.); *Northwestern Nat'l Life Ins. Co. v. Black,* 383 S.W.2d 806, 809 (Tex.Civ.App.—Texarkana 1964, writ ref'd n.r.e.). Texas courts have also recognized that certain contracts may create a special relationship between the parties that gives rise to a duty of good faith and fair dealing. *Aranda v. Insurance Co. of N. America,* 748 S.W.2d 210, 212–13 (Tex.1988) (workers compensation insurers owe duty to claimants); *Arnold v. National County Mutual Fire Ins. Co.,* 725 S.W.2d 165, 167 (Tex.1987) (insurers owe duty to claimants); *Izaguirre v. Texas Employers' Ins. Ass'n,* 749 S.W.2d 550, 553 (Tex.App.—Corpus Christi 1988, no writ) (workers compensation insurers owe duty to claimants); *Aetna Casualty & Surety Co. v. Marshall,* 699 S.W.2d 896, 901 (Tex. App.—Houston [1st Dist.] 1985, writ granted) (workers compensation insurers owe duty to claimants); *Brooks, Tarlton, Gilbert, Douglas & Kressler v. United States Fire Ins. Co.,* 832 F.2d 1358, 1376 n. 15 (5th Cir.1987) (insurers owe duty to insured).

Plaintiff claims that the employer/employee relationship is also a special relationship which should give rise to a duty of good faith and fair dealing. No Texas case has expressly held, however, that a duty of good faith and fair dealing exists between an employer and employee as a result of their contractual relationship. *See Lumpkin v. H & C Communications, Inc.,* 755 S.W.2d 538, 540 (Tex.App.—Houston [1st Dist.] 1988, no writ) (court would not extend law to employment contracts in face of Texas Supreme Court's failure to do so). Texas courts have made clear that such a duty does not arise in all contractual relationships; only in certain special relationships. *Arnold,* 725 S.W.2d at 167; *Eng-*

*lish v. Fischer,* 660 S.W.2d 521, 522 (Tex. 1983).

In determining whether such a special relationship exists, Texas courts have looked at two aspects of the relationship: (1) the parties' relative bargaining power, and (2) the degree of control exercised by one party over the other. *Aranda,* 748 S.W.2d at 212; *Arnold,* 725 S.W.2d at 167. In the insurance context, it is clear that insurers usually have much more bargaining power when determining the provisions of their insurance contracts then insureds. Also, insurers exercise exclusive control over the processing of claims of insureds, determining the amount and timing of any payments on claims. *Id.* The nature of insurance contracts is such that "unscrupulous insurers" may "take advantage of their insureds' misfortunes in bargaining for settlement or resolution of claims." *Arnold,* 725 S.W.2d at 167.

This is not the case with employment contracts. While disparity of bargaining power may exist in many employment contract situations, this is not always the case and certainly not to the degree it exists in the context of insurance contracts. The same is true as to control. While an employer certainly controls an employee, he may not control all aspects of the employment relationship. Some may be within the exclusive control of the employee. It does not appear to this Court that the relationship created by an employment contract is the kind of "special relationship" which exists with insurance contracts and gives rise to a duty of good faith and fair dealing. Because the Court does not find a duty to exist, Plaintiff cannot recover on her first cause of action.

II. Second Cause of Action

█ Plaintiff's second cause of action is for breach of a verbal hiring promise. In her complaint, Plaintiff states this cause of action as follows: "Plaintiff performed his [sic] duties faithfully during his [sic] period of employment and was never reprimanded or warned concerning his [sic] work performed or other problems. The aforesaid termination was without just cause in breach of contract." Plaintiff's First Amended Complaint, Mar. 8, 1989, at 9. Plaintiff apparently contends that she was promised a job for as long as her work performance was satisfactory, and that her discharge, if any, would occur only for just cause after notice, investigation and a hearing.

Texas courts have long recognized that, in this state, absent a specific contract term to the contrary, employment relationships are terminable at will by either party. *East Line & R.R.R. Co. v. Scott,* 72 Tex. 70, 10 S.W. 99 (1888). This concept, known as the "employment-at-will" doctrine, means an employer may terminate an employee at any time for any reason. The reason need not be fair, reasonable, or otherwise correct. *Lumpkin,* 755 S.W.2d at 539.

In determining whether Plaintiff may recover on her second cause of action, the Court must consider the Texas law concerning wrongful discharge. "In order to establish a cause of action for wrongful termination, an [employee] must prove that he and his employer had a contract that specifically provided that the employer did not have the right to terminate his employment at will, and that the contract was in writing." *Stiver v. Texas Instruments, Inc.,* 750 S.W.2d 843, 846 (Tex.App.—Houston [14th Dist.] 1988, no writ). This writing must provide in a "special and meaningful way" that the employer may not terminate the employment relationship at will. *Id.* "The necessity of a written document flows from the statute of frauds which provides, generally, that contracts not to be completed within one year are not enforceable unless they are made into a written memorial." *Benoit v. Polysar Gulf Coast, Inc.,* 728 S.W.2d 403, 406 (Tex. App.—Beaumont 1987, writ ref'd n.r.e.) (citing Tex.Bus. & Com.Code § 26.01(b)(6)).

Plaintiff's second cause of action is based on an alleged breach of a verbal promise. Because a wrongful termination claim must be grounded upon a writing, Plaintiff cannot recover on her second cause of action as a matter of law.

### III. Third Cause of Action

Plaintiff's third cause of action is for breach of the doctrine of promissory estoppel. Plaintiff states "Defendant's breach of its representations constituted a breach of the doctrine of promissory estoppel. As a proximate result of the defendant's breach of agreement and representations, plaintiff has suffered loss of income and fringe benefits and other damages." Plaintiff's First Amended Complaint, Mar. 8, 1989, at 9. Apparently, Plaintiff contends through this cause of action that Defendant is promissorily estopped from denying the validity of any alleged verbal hiring promises made by Defendant to Plaintiff.

■ The requisite elements of promissory estoppel are (1) a promise (2) which the promisor can reasonably forsee will be relied upon (3) substantially to the promisee's detriment. *English*, 660 S.W.2d at 524. When it is required that the promise be in writing such that the Statute of Frauds would be applicable, "there exists the further requirement of reliance upon a second promise—a promise to reduce the first promise to writing." *21 Turtle Creek Square, Ltd. v. New York State Teachers' Retirement System*, 432 F.2d 64, 65 (5th Cir.1970), *cert. denied*, 401 U.S. 955, 91 S.Ct. 975, 28 L.Ed.2d 239 (1971); *accord Kenney v. Porter*, 604 S.W.2d 297, 303 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.).

■ Plaintiff cannot succeed on her claim that promissory estoppel applies in this case. Plaintiff herself admits that no promise was made to her that she was employed on a permanent or long term basis. Plaintiff's Deposition, at 67 (excerpt attached as Exhibit 4 to Brief in Support of Defendant's Motion for Partial Summary Judgment and Application for Injunctive Relief, Nov. 30, 1988). Plaintiff admits that she was free to leave her job whenever she wanted and that Defendant could discharge her whenever it wanted to. *Id.* at 68–69. She knew that she could leave for any reason and that she could be discharged for any reason. *Id.* at 69–70. Thus, no oral promise was made to Plaintiff that she would retain her job unless terminated upon good cause after notice and a hearing. Plaintiff therefore cannot meet the first requirement for application of the doctrine of promissory estoppel—that there be a promise. Plaintiff cannot succeed on her third cause of action.

### IV. Fourth Cause of Action

Plaintiff's final cause of action is for breach of contract and promissory estoppel. Plaintiff states "the aforesaid breach of promise was in violation of the employment agreement, and was in violation of the doctrine of promissory estoppel. It would be a gross injustice not to require defendant to carry out the promise of job security." Plaintiff's First Amended Complaint, Mar. 8, 1989, at 9.

Plaintiff did sign a written Employment Agreement with Defendant. Employment Agreement Between South Point Benson Properties and Gloria Rodriguez, Jan. 3, 1987 (attached as Exhibit 2 to Brief in Support of Defendant's Motion for Partial Summary Judgment and Application for Injunctive Relief, Nov. 30, 1988). This agreement does not contain any provision concerning term of employment or conditions for termination of employment. Plaintiff has brought forth no evidence rebutting Defendant's contention that no oral promises were made to Plaintiff regarding length or termination of employment. In fact, Plaintiff's deposition testimony indicates that there probably is no such evidence. The Court has previously concluded that the doctrine of promissory estoppel does not apply to any oral promises made to Plaintiff since it appears that no oral promises were made. Similarly, it does not appear that any written promises were made to Plaintiff which defendant might have breached by discharging Plaintiff. Plaintiff cannot succeed on her fourth cause of action because no promise was made to her as she alleges and the doctrine of promissory estoppel does not apply.

### V. Conclusion

Because Plaintiff cannot succeed on any of the four causes of action contained in her amended complaint, the Court shall

grant summary judgment in Defendant's favor on each of those causes of action. The Court shall not, however, grant Defendant the injunctive relief it requests. The Court's decision in this case should preclude Plaintiff from pursuing the claims raised here in future litigation.

Accordingly, it is hereby ORDERED that Defendant's Motion for Partial Summary Judgment and Application for Injunctive relief is GRANTED such that summary judgment is ENTERED in favor of Defendant on the four claims made by Plaintiff in Plaintiff's First Amended Complaint.

It is further ORDERED that this case is DISMISSED WITH PREJUDICE.