rosas 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-347-CV





SILBRESTRE Y. ROSAS,



 APPELLANT


vs.





TRANSPORTATION INSURANCE COMPANY AND MARY LYNN NAUCKE,




 APPELLEES



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT



NO. 477,394, HONORABLE JERRY DELLANA, JUDGE PRESIDING



 




 This is a statute of limitations case involving an insurer's alleged breach of the
common law duty of good faith and fair dealing in the processing of a workers' compensation
claim. Appellant, Silbrestre Y. Rosas, applied for and received workers' compensation benefits
for an alleged work-related injury. Appellee, Transportation Insurance Company (TIC), the
workers' compensation insurer, terminated Rosas's workers' compensation benefits some months
after his alleged injury. Rosas responded by filing a workers' compensation claim against TIC. 
The parties settled that lawsuit with TIC ultimately reinstating Rosas's workers' compensation
benefits. Rosas subsequently sued TIC and its insurance adjuster for breach of the duty of good
faith and fair dealing. The trial court ruled that the statute of limitations had run on Rosas's good
faith cause of action, and thus awarded TIC and its insurance adjuster summary judgment. On
appeal, Rosas contends that limitations had not expired at the time he filed his good-faith claim. 
Because we hold that the statute of limitations had expired on Rosas's claim, we affirm the trial
court's grant of summary judgment.



BACKGROUND


 On June 2, 1986, Rosas allegedly became injured when he slipped and fell on a
drilling rig while employed by Grace Drilling Company (Grace). Shortly thereafter, Rosas
applied for and began collecting workers' compensation benefits from TIC, Grace's insurance
carrier. On February 26, 1987, TIC terminated Rosas's weekly benefits based on an orthopedic
surgeon's opinion that Rosas was capable of returning to work. Rosas then filed a workers'
compensation claim against TIC, which ultimately settled on March 31, 1988. (1) TIC subsequently
reinstated Rosas's workers' compensation benefits.

 On January 10, 1990, nearly two years after the parties settled the workers'
compensation suit, Rosas filed a second lawsuit against TIC, this time alleging that TIC had
breached its duty of good faith and fair dealing by terminating and subsequently refusing to
reinstate Rosas's workers' compensation benefits. Rosas named as co-defendant TIC's insurance
adjuster, Mary Lynn Naucke (Naucke), who had participated in the investigation and processing
of Rosas's workers' compensation claim on behalf of TIC. As a result of TIC and Naucke's
alleged misconduct, Rosas claimed tort damages for physical and mental anguish. TIC and
Naucke moved for summary judgment on Rosas's claim, citing, among other grounds, his failure
to file suit within the applicable two-year statute of limitations. Tex. Civ. Prac. & Rem. Code
Ann. § 16.003(a) (1986). Additionally, appellees pleaded that in Naucke's capacity as an
insurance adjuster, she had no contractual relationship with Rosas and thus owed him no duty
upon which he could assert a good-faith claim against her. The trial court granted the motion for
summary judgment as to both defendants on the affirmative defense of limitations. Additionally,
as regards Naucke, the court granted summary judgment on the ground that she owed no
contractual duty to Rosas. Rosas appeals, challenging solely the court's grant of summary
judgment in favor of appellees on the basis of limitations.



DISCUSSION



I. Standard of Review.

 To be entitled to summary judgment, the movant must show that no genuine issues
of material fact exist and that the movant is entitled to judgment as a matter of law. Wilcox v. St.
Mary's Univ., 531 S.W.2d 589, 592-93 (Tex. 1975). In reviewing a summary judgment, the
appeals court must consider as true all evidence favorable to the nonmovant, and indulge every
reasonable inference and resolve any doubt in favor of the nonmovant. Nixon v. Mr. Property
Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985). When a defendant seeks a summary
judgment on the ground that the plaintiff's cause of action is barred by a statute of limitations, the
defendant assumes the burden of conclusively establishing as a matter of law that the suit is barred
by limitations. Delgado v. Burns, 656 S.W.2d 428, 429 (Tex. 1983); Thames v. Dennison, 821
S.W.2d 380, 382 (Tex. App. 1991, writ denied).



II. Statute of Limitations

 Rosas complains in a single point of error that the trial court erred in rendering
summary judgment for appellees based on the running of the two-year statute of limitations. (2) 
Citing Arnold v. National County Mutual Fire Insurance Co., 725 S.W.2d 165, 168 (Tex. 1987),
Rosas contends that his good-faith claim did not accrue, and thus the limitations period did not
commence, until his underlying workers' compensation suit against TIC settled on March 31,
1988. Calculating the limitations period from that date, Rosas claims that his good-faith claim
was timely filed on January 10, 1990, since the two-year period would not have expired until
March 31, 1990.

 Citing the Texas Supreme Court's later holding in Murray v. San Jacinto Agency,
800 S.W.2d 826 (Tex. 1990), appellees contend that a good-faith cause of action against an
insurer for denial of benefits now accrues on the date the insurer denies coverage, not the date a
separate suit to determine coverage under the contract is resolved. Murray, 800 S.W.2d at 829. 
Measured from February 26, 1987 -- the date on which TIC formally terminated Rosas's workers'
compensation -- appellees contend that Rosas's good-faith claim would have been timely only if
filed on or before February 26, 1989. Because Rosas did not file his good-faith claim until over
ten months after this date, appellees maintain that summary judgment was properly granted. We
agree.

 Murray establishes that where, as in this case, coverage is denied outright, a good-faith claim accrues and limitations commences on the day the insurer wrongfully denies coverage. 
Murray, 800 S.W.2d at 828; see also Tectonic Realty v. CNA Lloyd's, 812 S.W.2d 647, 652-53
(Tex. App. 1991, writ denied); Liberty Mut. Fire Ins. Co. v. Richards, 810 S.W.2d 232, 234
(Tex. App. 1991, writ denied) petition for cert. filed, 60 U.S.L.W. 3553 (U.S. Jan. 31, 1992)
(No. 91-1234). Whereas the standard advocated by Rosas -- gauging the accrual of a good-faith
claim against the insurer by the date the underlying suit is settled -- was formerly the controlling
standard under Arnold, the supreme court in Murray expressly modified Arnold such that the date
of denial now controls in cases of outright denial of payment or coverage. (3) Murray, 800 S.W.2d
at 829-30. It is uncontroverted that TIC formally terminated Rosas's workers' compensation
benefits on February 26, 1987, (4) and that Rosas did not file his good faith claim until nearly three
years later. Under Murray, Rosas's claim falls outside the statutory limitations period as a matter
of law.

 Rosas also contends that his good-faith cause of action did not accrue until his
underlying workers' compensation claim was settled, on the theory that TIC's denial of workers'
compensation benefits between the date they were terminated and the date they were reinstated
constituted an ongoing injury. See Izaguirre v. Texas Employers' Ins. Ass'n., 749 S.W.2d 550
(Tex. App. 1988, writ denied). However, Murray makes clear that the fact that damages may
continue to occur for an extended period after accrual does not prevent the statute of limitations
from starting to run. Murray, 800 S.W.2d at 828. 



CONCLUSION


 Because Rosas filed his good-faith cause of action more than two years after the
date his benefits were terminated, his claim is barred by the two-year statute of limitations
prescribed by Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a). We overrule Rosas's point of
error and, therefore, affirm the trial court's grant of summary judgment.



 

 Bea Ann Smith, Justice

[Before Chief Justice Carroll, Justices Aboussie and B. A. Smith]

Affirmed

Filed: May 6, 1992

[Do Not Publish]

 
1. Silbrestre Y. Rosas v. Transp. Ins. Co., No. 15,333, 143rd Judicial District Court of
Ward County (March 31, 1988).
2. Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (1986). Neither party disputes that
this statute governs limitations in this case.
3. In cases where there is no outright denial of a claim, Murray indicates that "the exact
date of accrual of a cause of action becomes more difficult to ascertain and should be a
question of fact to be determined on a case-by-case basis." Murray, 800 S.W.2d at 828 n.2;
see also Tectonic, 812 S.W.2d at 652-53. In such cases, the cause of action would seem to
accrue when the insured learns of facts that would put a reasonable insured on notice that the
insurer is acting in bad faith. See Tectonic, 812 S.W.2d at 652 n.3. 
4. TIC filed a suspension-of-compensation notice with the Industrial Accident Board on
February 26, 1987. The pleadings and affidavits refer sometimes to February 24, 1987,
and other times to February 26, 1987, as the date on which Rosas's workers'
compensation benefits were terminated. Although neither date proves crucial for
calculating the statute of limitations in this case, we treat February 26, 1987, as the date
of actual suspension.