**SOUTH HAMPTON REFINING COMPANY, Plaintiff,**

v.

**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., Defendant.**

**No. 1:94–CV–500.**

United States District Court, E.D. Texas, Beaumont Division.

Jan. 24, 1995.

Greg M Dykeman, Michael T. Bridwell, Strong, Pipkin, Nelson & Bissell, Beaumont, TX, for plaintiff.

Louis Keith Slade, Tucker Hendryx & Gascoyne, Houston, TX, for defendant.

## MEMORANDUM OPINION

COBB, District Judge.

Defendant National Union Fire Insurance Company of Pittsburgh, PA ("National Union") filed a motion for severance pursuant to Federal Rule of Civil Procedure 42(b). For the reasons stated herein, this court finds that the motion for severance is proper and GRANTS that motion.

## BACKGROUND

The plaintiff, South Hampton Refining Co. ("South Hampton"), filed this claim under the Uniform Declaratory Judgment Act for this court's ruling as to the construction of the insurance contract provisions and a declaration of duties and obligations arising under the insurance contract. South Hampton also brought claims against National Union for breach of contract, negligence, breach of duty of good faith and fair dealing, and violations of the Texas Insurance Code. The complaint contends that National Union agreed to provide insurance coverage to South Hampton as stated in its General Commercial Liability Policy including all endorsements effective April 1, 1990.

A prior state court judgment awarded damages to subrogated underwriters for South Hampton's sale of contaminated gasoline. The state court also awarded damages for lost profits to E–Z Mart Stores, Inc. from the decrease in sales it suffered after distributing South Hampton's "bad gasoline."

This suit arises out of South Hampton's contention that National Union failed to settle these claims within the policy limits after a valid settlement offer was received. Further, the amended endorsement, signed by South Hampton and agreed to by National Union, increased the policy coverage limits by $1,000,000. This amended endorsement contained no exclusionary language. As such, South Hampton further contends that National Union should provide this amended endorsement coverage for each occurrence. South Hampton also maintains that the previous state court determination that sales of contaminated gasoline constituted multiple occurrences should control this court's resolution of the multiple occurrence issue.

National Union asserts that its insurance policy coverage does not extend to each individual damage claim that resulted from the sale of bad gasoline. Further, National Union challenges the plaintiff's contention that the amended endorsement coverage should cover these sales. In order to avoid prejudice and to conserve judicial resources, National Union asks this court to severe plaintiff's bad faith claims because these types of claims depend on the outcome of disputed contractual coverage issues.

## ANALYSIS

This matter involves an amount in controversy greater than $50,000, exclusive of interest and costs, and is between citizens of different states. Consequently, this court has jurisdiction over this action as directed by 28 U.S.C. section 1332(a)(1). Defendant properly removed this case pursuant to 28 U.S.C. section 1441(b).

■ Pursuant to Rule 42(b), a severance of claims is proper in furtherance of convenience, or to avoid prejudice, or when separate trials will be conducive to expedition and economy. Fed.R.Civ.P. 42(b). In insurance coverage suits, a plaintiff's bad faith claims generally depend on the outcome of contractual coverage claims and are usually severed. *See U.S. Fire Ins. Co. v. Millard,* 847 S.W.2d 668, 672 (Tex.App.—Houston [1st Dist.] 1993, no writ). This court finds no special circumstances exist which prevent the application of this general rule.

■ However, an insurer does owe a duty to deal fairly and in good faith with its insureds. This duty emanates from the special relationship which exists between the parties, not necessarily from the terms of the insurance contract. *Viles v. Security Nat. Ins. Co.,* 788 S.W.2d 566, 567 (Tex.1990) (citing *Arnold v. National County Mut. Fire Ins. Co.,* 725 S.W.2d 165, 167 (Tex.1987)). This special relationship arises from the unequal bargaining position of the parties. A breach of the duty of good faith and fair dealing occurs when the insurer has no reasonable basis for denying a claim, for delaying the payment of a claim, or for delaying the determination of whether any reasonable basis for denial or delay exists. *See Arnold,* 725 S.W.2d at 167. Consequently, when a party breaches the duty of good faith and fair dealing it may not always rely on a severance of contractual coverage issues. In fact, the Texas Supreme Court recognizes that contract claims and bad faith claims may be tried together in certain instances. *See Arnold,* 725 S.W.2d at 168 n. 1.

■ The present case, however, is analogous to *Millard* in that the parties' contractual coverage issues are unresolved. In *Millard,* the court severed the plaintiff's claims on two grounds. First, the court determined that "plaintiff's contractual claims and extracontractual claims are separate and distinct and that each could constitute a discrete lawsuit." *Millard,* 847 S.W.2d at 673. The court also noted that plaintiff's bad faith claims, violation of the Insurance Code claims, and Deceptive Trade Practices Act claims all depended on the outcome of the contractual coverage dispute. *Id.* The court

further ordered an abatement of all other claims pending resolution of the contractual coverage issues. *Id.* The court stated: "[w]ithout abatement, the parties will be put to the effort and expense of conducting discovery and preparing for trial of claims that may be disposed of in a previous trial." *Millard,* 847 S.W.2d at 673.

In the present case, South Hampton's complaint seeks declaratory relief that National Union should pay South Hampton the remaining aggregate proceeds available under the insurance contract between the parties. South Hampton also seeks damages for breach of contract, breach of the duty of good faith and fair dealing, violations of the Insurance Code, and negligence. This court finds that the parties and the court will be best served by severing the contractual coverage issues from the claims of violations of the Insurance Code, bad faith and negligence. In this manner, the goals of Rule 42(b) will be achieved and this court and the parties will not waste valuable resources attending to claims which could be disposed of by a determination of the insurance coverage.

For the foregoing reasons, this court GRANTS National Union's Motion for Severance. South Hampton's remaining claims are abated pending the resolution of the contractual coverage issues.