**In re John Larry ALLEN, Sally Reid Allen, Debtors.**

**John Larry ALLEN, Sally Reid Allen, Plaintiffs,**

**v.**

**Ray M. MOORE, Floyd A. Landrey, and Moore, Landry, Garth, Jones, Burmeister & Hulett, L.L.P., Defendants.**

Bankruptcy No. 92–90503.
Adv. No. A–94–9032.

United States Bankruptcy Court,
E.D. Texas,
Beaumont Division.

April 5, 1995.

Brett Wagner, Doherty, Norman & Wagner, Houston, TX, for debtors.

Robert Harrell, Fulbright & Jaworski, Houston, TX, for defendants.

## OPINION

DONALD R. SHARP, Bankruptcy Judge.

Before the Court is the Amended Motion of John Larry and Sally Reid Allen ("Debtors") to Remand [1] ("the Motion") pursuant to regular setting in Beaumont, Texas. This opinion constitutes findings of fact and conclusions of law in accordance with Fed. R.Bankr.P. 7052 and disposes of all issues before the Court.

---

1. The statutory basis for Debtors Motion is found at 28 U.S.C. § 1447(c) which provides for the remand of any case if "it appears that the district court lacks subject matter jurisdiction."

820

## FACTUAL AND PROCEDURAL BACKGROUND

The majority of the facts are not disputed. Debtors employed the firm of Moore, Landrey, Garth, Jones, Burmeister & Hulett, L.L.P. ("Defendants") in March of 1992 to assist them in renegotiating a secured loan with Commercial National Bank. At the time Debtor John Allen was a loan officer with Fredonia State Bank. The attempts to negotiate the loan were not successful and Commercial National Bank posted the property securing the loan for foreclosure. Debtor John Allen voluntarily terminated his employment with Fredonia State Bank and subsequently, Debtors filed for relief under chapter 11 of the Code.

Debtors' attempts at reorganization were not successful and Debtors' case was converted to one under chapter 7 of the Code. The chapter 7 case is currently pending before the Court. Debtors then filed suit in the 145th Judicial District Court of Nacogdoches County, Texas ("the state court suit") naming as defendants the firm and certain of its principals. The thrust of Debtors' state court suit is that Defendants gave Debtor John Allen negligent prepetition advice to terminate his employment with Fredonia State Bank. Debtors allege that as a result of this advice, Debtors were unable to provide funding for their chapter 11 reorganization which resulted in a conversion of their case to chapter 7. Defendants removed the state court suit to this Court and Debtors filed the instant Motion for remand.

The positions of the parties are relatively straightforward. Debtors maintain that this Court does not have jurisdiction to try what is essentially a state law legal malpractice claim. Alternatively, to the extent that jurisdiction exists Debtors suggest that the Court abstain from hearing the action in favor of the state district court. Defendants disagree. Defendants assert that the state court suit is property of Debtors' chapter 7 bankruptcy estate which by itself confers jurisdiction upon this Court.[2] The chapter 7

trustee has filed a plea in intervention which essentially supports Defendants' position. The matter was taken under advisement.

## DISCUSSION OF LAW

■ Section 541(a)(1) of the Code defines property of the estate as "... all legal or equitable interests of the debtor in property as of the commencement of the case." This court has, in an unpublished opinion, determined that property of a debtor's estate includes prepetition personal injury causes of action which would normally be unassignable under state law. *In re Keszler*, Case No. 93–90077 (Bankr.E.D.Tex. August 25, 1993). Unlike the situation in *Keszler*, however, the cause of action in this case was not commenced until almost two years after the Debtors first sought relief from the Code. Thus, in determining whether this removed state court suit is property of the estate the Court must determine "whether under applicable state law the debtor[s] could have raised the claim as of the commencement of the case." *Matter of Educators Group Health Trust*, 25 F.3d 1281 (5th Cir.1994).

■ In Texas, a cause of action for professional malpractice accrues "in the absence of a statute to the contrary or fraudulent concealment, when the tort is committed. This rule obtains notwithstanding the fact that the damages, or their extent, are not ascertainable until a later date. A legal injury must be sustained, of course, before a cause of action arises." *Atkins v. Crosland*, 417 S.W.2d 150, 153 (Tex.1967). *Randolph v. Resolution Trust Corp.*, 995 F.2d 611, 617–619 (5th Cir.1993) (citing *Atkins*). A legal injury is sustained at the point there is an "invasion of the rights of the plaintiff." *Linkenhoger v. American Fidelity & Casualty Co., Inc.*, 152 Tex. 534, 260 S.W.2d 884, 886 (Tex.1953) *overruled on other grounds in Street v. Honorable Second Court of Appeals*, 756 S.W.2d 299 (Tex.1988). For example, in the case of a fraudulent misrepresentation, the tort is not completed until the other party acts upon the misrepresentation to his

2. "Bankruptcy courts may hear and determine ... all core proceedings ... arising under title 11." 28 U.S.C. § 157(b)(1). Core proceedings include matters concerning the administration of the estate (§ 157(b)(2)(A)) or other proceedings affecting the liquidation of the assets of the estate (§ 157(b)(2)(O)).

detriment. *Id.; Randolph,* 995 F.2d at 618 (attempting to rectify effects of legal malpractice constitutes legal injury); *but compare Atkins,* 417 S.W.2d at 153 (injury for accountant's malpractice occurred at point plaintiff was assessed a tax deficiency). In other words, the initial injury suffered by a plaintiff must be actual and present rather than merely prospective before a malpractice cause of action accrues.

 Debtor John Allen's removed state court suit is based on alleged negligent prepetition advice given him by Defendants. In reliance on this advice he claims he terminated his employment prepetition with Fredonia State Bank, almost one month prior to filing for relief under the Code. It is at this point that Debtors suffered injury due to Debtor John Allen's subsequent inability to find substitute employment.[3] Finding that all the operative facts necessary to Debtors' suit occurred prepetition the Court concludes that the state court suit accrued prepetition and is accordingly property of the Debtors' chapter 7 estate.[4] *See also In re Ellwanger,* 140 B.R. 891 (Bankr.W.D.Wash.1992); *In re Dow,* 132 B.R. 853 (Bankr.S.D.Ohio 1991) (damages from attorneys prepetition bankruptcy advice occurred at the point of filing the petition).

 As property of the estate, the chapter 7 trustee is the only party with standing to administer the state court cause of action. *Matter of Educators Group Health Trust* 25 F.3d 1281 (5th Cir., 1994) ("If a cause of action belongs to the estate, then the trustee has exclusive standing to assert the claim."). Simply put, Debtors do not have standing to pursue this action unless it is abandoned by the trustee or otherwise administered. *See*

11 U.S.C. § 554. For the foregoing reasons, the Court finds that the Motion of Debtors must be DENIED.

---

3. Texas has embraced the discovery rule in legal malpractice cases. *Willis v. Maverick,* 760 S.W.2d 642, 644 (Tex.1988). The discovery rule "is the legal principle which, when applicable, provides that limitations run from the date the plaintiff discovers or should have discovered, in the exercise of reasonable care and diligence, the nature of the injury." *Id.* at 644. The discovery rule is applicable in situations where an attorney's errors are not manifested or result in harm to the plaintiff until some time after the act constituting malpractice occurred. This is not the situation in this case. Defendants' alleged misconduct was not a hidden "time-bomb."

Voluntarily foregoing the benefits of preexisting employment on the advice of counsel constitutes an injury when either substitute employment is not readily available or the advice is not supported by good legal reason. It was only the extent of the injury, and not the injury itself, which was not discovered until later.

4. Of course, to the extent any distinct acts of alleged malpractice are based on separate and distinct postpetition acts, any cause of action based on such acts would not fall within the ambit of property of the estate.