UNITED STATES DISTRICT COURT 
 NORTHERN DISTRICT OF TEXAS 
 DALLAS DIVISION 
WHARLEST JACKSON, § 
 § 
 Plaintiff, § 
 § 
v. § CIVIL ACTION NO. 3:19-CV-2925-B 
 § 
FARMERS NEW WORLD LIFE § 
INSURANCE COMPANY, § 
 § 
 Defendant. § 
 MEMORANDUM OPINION AND ORDER 
 Before the Court is Defendant Farmers New World Life Insurance Company’s Partial Motion
to Dismiss (Doc. 13). For the reasons that follow, the Court GRANTS the motion. Plaintiff’s
Deceptive Trade Practices Act (DTPA) (Texas Business & Commercial Code § 17.46), Texas
Insurance Code (Texas Insurance Code §§ 541.051, 541.052, 541.060, and 541.061), duty of good
faith and fair dealing, and Prompt Payment of Claims Act (Texas Insurance Code § 541.058) claims
are DISMISSED WITHOUT PREJUDICE. 
 I. 
 BACKGROUND1 
 This is a life-insurance dispute. Crystal Jackson purchased an insurance policy from
Defendant Farmers New World Life Insurance Company (“the Policy”) on January 25, 2017. Doc.
11, Am. Compl., ¶ 3. The Policy named Plaintiff Wharlest Jackson as the sole beneficiary of
 1All facts are taken as true from Plaintiff’s First Amended Complaint (Doc. 11) for purposes of this
motion. 
 -1- 
$250,000 upon Crystal Jackson’s death. Id. Since the issuance of the Policy, all payments on the
Policy have been timely paid, and the Policy remains in force. Id. 
 After the Policy was issued, Crystal Jackson died in a motorcycle accident. Id. ¶ 4. Plaintiff

then made a timely claim under the Policy, but Defendant denied the claim. Id. Plaintiff claims that
Defendant denied the claim on the grounds that Crystal Jackson made misrepresentations when she
obtained the Policy, “despite the fact that it was Heather Jefferson, [Defendant’s] own agent, who
provided the information in the application and completed the application.” Id. 
 Plaintiff alleges that Defendant made a pretextual investigation that denied Plaintiff’s claim
under the Policy. Id. ¶ 5. According to Plaintiff, if Defendant had conducted a truthful investigation,
“it would have learned that there was no legal and/or factual basis to delay and refuse payment to

Plaintiff and/or seek to void/cancel the Policy.” Id. 
 Subsequently, Plaintiff brought five causes of action: (1) breach of contract; (2) breach of the
duty of good faith and fair dealing; (3) Texas Insurance Code violations; (4) DTPA violations; and
(5) Prompt Payment of Claims Act violations. Id. at 2–5. 
 Defendant then brought this motion to dismiss Plaintiff’s claims based on the duty of good
faith and fair dealing, Texas Insurance Code, DTPA, and Prompt Payment of Claims Act. See Doc.

13, Def.’s Mot., 1. All briefing has been filed, and the motion is ripe for review. 
 II. 
 LEGAL STANDARD 
 Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain “a
short and plain statement of the claim showing that the pleader is entitled to relief.” Fed. R. Civ. P.
8(a)(2). Rule 12(b)(6) authorizes a court to dismiss a plaintiff’s complaint for “failure to state a claim
 -2- 
upon which relief can be granted.” Id. 12(b) (6). In considering a Rule 12(b) (6) motion to dismiss, 
“t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the 
plaintiff.” In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (citation and 
quotation marks omitted). “The court’s review [under Rule 12(b) (6)] is limited to the complaint, 
any documents attached to the complaint, and any documents attached to the motion to dismiss that 
are central to the claim and referenced by the complaint.” Ironshore Europe DAC v. Schiff Hardin, 
L.L.P., 912 F.3d 759, 763 (5th Cir. 2019) (emphasis added) (citation omitted) (quoting Lone Star 
Fund V (U.S.), LP. v. Barclays Bank PLC, 594 F.3d 383, 387 (5th Cir. 2010)). 
 To survive a motion to dismiss, a plaintiff must plead “enough facts to state a claim to relief 
that is plausible on its face.” Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). “Threadbare 
recitals of the elements of a cause of action, supported by mere conclusory statements, do not 
suffice.” Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). “A claim has facial plausibility when the plaintiff 
pleads factual content that allows the court to draw the reasonable inference that the defendant is 
liable for the misconduct alleged.” Id. “The plausibility standard is not akin to a ‘probability 
requirement,’ but it asks for more than a sheer possibility that a defendant has acted unlawfully.” Id. 
When well-pleaded facts fail to achieve this plausibility standard, “the complaint has alleged—but 
it has not shown—that the pleader is entitled to relief.” Id. at 679 (cleaned up). And “[a]lthough 
dismissal under [R]ule 12(b) (6) may be appropriate based on a successful affirmative defense, that 
defense must appear on the face of the complaint.” Kelly v. Nichamoff, 868 F.3d 371, 374 (5th Cir. 
2017). 

 3. 

 III. 
 ANALYSIS 
 Defendant believes that there are various grounds for dismissal of the at-issue claims: (1)
Plaintiff does not have standing under the DTPA; (2) Plaintiff fails to plead reliance for his Texas

Insurance Code and DTPA claims; (3) the Policy precludes a claim for misrepresentation; (4)
Plaintiff fails to plead extra-contractual damages for his breach-of-the-duty-of-good-faith-and-fair-
dealing claim; and (5) for Plaintiff’s claims at issue, Plaintiff only recites the legal standard for the
claims and thus fails to state claims upon which relief may be granted. Doc. 14, Def.’s Br., 1.
 In sum, although Plaintiff has sufficiently pled that he is a consumer under the DTPA,
Plaintiff fails to state a claim for violations of the DTPA, Texas Insurance Code, duty of good faith
and fair dealing, and Prompt Payment of Claims Act. However, because this is the first time the

Court has evaluated Plaintiff’s claims on the merits, the Court dismisses these claims without
prejudice. 
A. Consumer Standing Under the DTPA 
 Defendant first argues that Plaintiff does not have standing under the DTPA. Doc. 14, Def.’s
Br., 5. “In order to recover under the DTPA, Plaintiff must establish that he is a consumer under the
statute and that his consumption was the producing cause of his injuries.” McClung v. Wal-Mart, 866

F. Supp. 306, 309 (N.D. Tex. 1994) (citation omitted). Whether Plaintiff is a consumer under the
DTPA is a question of law. Id. 
 Under the DTPA, a consumer is: 
 an individual, partnership, corporation, this state, or subdivision or agency of this
 state who seeks or acquires by purchase or lease, any goods or services, except that
 the term does not include a business consumer that has assets of $25 million or more,
 -4- 
 or that is owned or controlled by a corporation or entity with assets of $25 million or
 more. 
Tex. Bus. & Com. Code § 17.45(4). 
 “A party whose only relation to an insurance policy is to seek policy proceeds is not a
‘consumer’” under the DTPA. Transp. Ins. Co. v. Faircloth, 898 S.W.2d 269, 274 (Tex. 1995)
(citation omitted). This is because such a party “do[es] not seek to purchase or lease any of the
services of the insurer.” Id. However, a party seeking policy proceeds may be considered a consumer

“if the proceeds used to purchase the insurance policy were community funds” shared by the party
who bought the policy and the beneficiary. Mendoza v. Am. Nat’l Ins. Co., 932 S.W.2d 605, 609 n.3
(Tex. App.—San Antonio 1996, no writ) (citation omitted). 
 Defendant argues that Plaintiff has not alleged that the Policy was purchased with community
funds; rather, Defendant contends that “Plaintiff alleges that Crystal Jackson purchased the Policy
and that [Plaintiff] is the sole beneficiary.” Doc. 14, Def.’s Br., 7. Thus, Defendant asserts that
Plaintiff has not established consumer standing under the DTPA. Id. at 8. 

 In response, Plaintiff argues that there is a presumption “that the Policy was purchased with
community funds and is thus community property” because “[u]nder Texas law, property possessed
by either spouse during or on dissolution of marriage is presumed to be community property.” Doc.
19, Pl.’s Resp., 5 (citations omitted). 
 The Court agrees with Plaintiff. Under Texas law, “[p]roperty possessed by either spouse
during or on dissolution of marriage is presumed to be community property.” Barnett v. Barnett, 67

S.W.3d 107, 111 (Tex. 2001) (alterations in original) (citation omitted). The Texas Supreme Court
in Barnett explained that “this general rule applies to life insurance policies” and held that the life
 -5- 
insurance policy at issue in that case “[was] presumed to be community property because it was 
issued during the marriage ....” Id. (citation omitted). 
 Here, Crystal Jackson’s life insurance policy lists Plaintiff as her “Spouse/Domestic Partner.” 
See Doc. 18, Def.’s App., 24.2 Thus, the Court finds that, at the motion-to-dismiss stage, the 
presumption that community funds were used to purchase the Policy applies, and thus Plaintiff has 
pled standing under the DTPA. See Mendoza, 932 S.W.2d at 609 n.3; In re Katrina, 495 F.3d at 205 
(“The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the 
plaintiff.”) (citation and quotation marks omitted). 
 Defendant argues that cases such as Barnett are inapposite because such cases “do not apply 
the presumption to the present question: whether the factual allegations pleaded are sufficient to 
allow the Court to reasonably infer that the Policy premiums were paid with community funds.” Doc. 
20, Def.’s Reply, 2. However, as the Court noted above, the Policy itself—which Defendant seeks 
to use to its advantage—establishes that Plaintiff and Crystal Jackson were married at the time the 
Policy was created, therefore invoking the community-property presumption. 
 Thus, the Court concludes that for the purposes of resolving this motion, Plaintiff has 
standing under the DTPA. 
B. Failure to State Texas Insurance Code and DTPA Claims 
 Defendant contends that Plaintiffs DTPA and Texas Insurance Code claims are conclusory 

 * The Court can consider the Policy, because “[dJocuments attache[d] to a motion to dismiss are 
considered to be part of the pleadings, if they are referred to in the plaintiffs complaint and are central to [the 
plaintiffs] claim.” Starling v. JPMorgan Chase Bank, N.A., 2013 WL 4494525, at *2 (N.D. Tex. Aug. 22, 
2013) (quotation marks omitted) (quoting Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th 
Cir. 2000)). 
 6- 

and simply recite the elements of those causes of action. Doc. 14, Def.’s Br., 10. Defendant also
argues that these claims are subject to the heightened pleading standard of Rule 9(b) because the
claims are based on alleged fraud. Id. at 9. 

 In response, Plaintiff summarizes his “pertinent facts” as follows: (1) Crystal Jackson wanted
to obtain a life insurance policy; (2) Crystal Jackson then provided Defendant with medical
information; (3) Defendant then issued the Policy; (4) Plaintiff and Crystal Jackson paid premiums
on the Policy in reliance on Defendant’s acceptance of the Policy; (5) Crystal Jackson then died in
a motorcycle accident; and (6) Defendant then denied Plaintiff’s claim “following its cursory
investigation that disregarded the answers and information provided in” Crystal Jackson’s
application, “which answers and information notified [Defendant] of the same health conditions for

which [Defendant] based its denial of Plaintiff’s claim.” Doc. 19, Pl.’s Resp., 8–9 (citing Doc. 11,
Am. Compl., ¶¶ 3–5). 
 1. Texas Insurance Code Sections 541.051 and 541.061 and DTPA 
 Sections 541.051 and 541.061 of the Texas Insurance Code prohibit misrepresentations made
in connection with an insurance policy. See Tex. Ins. Code §§ 541.051, 541.061. Additionally, the
elements of a DTPA claim are: “(1) the plaintiff is a consumer; (2) the defendant committed acts

‘in connection with the purchase or lease of any goods or services’; (3) the defendant’s acts were
false, misleading or deceptive; and (4) the acts were a producing cause of plaintiff[’]s injuries.”
Cushman v. GC Servs., LP, 657 F. Supp. 2d 834, 843 (S.D. Tex. 2009) (citations omitted). 
 Plaintiff’s factual allegations are insufficient to state a claim under the DTPA or §§ 541.051
or 541.061 of the Texas Insurance Code because Plaintiff has not sufficiently alleged a deceptive act
or misrepresentation. For one, some of the factual allegations Plaintiff relies upon do not appear in
 -7- 
Plaintiff’s amended complaint—for example, the complaint does not allege that Defendant
“disregarded the answers and information provided in” Crystal Jackson’s life insurance application;
nor does it allege that Plaintiff and Crystal Jackson made payments in reliance on Defendant’s

acceptance of the application for the Policy. Compare Doc. 19, Pl.’s Resp., 8–9 id., with Doc. 11, Am.
Compl., ¶¶ 3–5. 
 What the amended complaint does say is that “[Defendant] conducted an outcome-oriented
investigation,” and that “[h]ad Defendant bothered to conduct a proper and reasonable
investigation, it would have learned that there was no legal and/or factual basis to delay and refuse
payment to Plaintiff and/or seek to void/cancel the Policy.” Doc. 11, Am. Compl., ¶ 5. The amended
complaint further alleges various misrepresentations and failures on the part of Defendant, but these

allegations are devoid of facts detailing the misrepresentations allegedly made. See, e.g., Doc. 11, Am.
Compl., ¶ 12(d) (alleging that Defendant made “untrue statements of material fact relating to the
Policy”); id. ¶ 12(f) (alleging that Defendant failed “to disclose a matter required by law to be
disclosed regarding the Policy”). These allegations are “largely composed of legal conclusions couched
as factual allegations, formulaic recitations of the elements of a cause of action, generic paraphrases
of statutory language, and conclusory statements without supporting facts.” SHS Inv. v. Nationwide

Mut. Ins. Co., 798 F. Supp. 2d 811, 821 (S.D Tex. 2011). 
 Thus, because he has not alleged a misrepresentation or deceptive act, Plaintiff has failed to
state a claim under the DTPA or Texas Insurance Code §§ 541.051 and 541.061. These claims are
DISMISSED WITHOUT PREJUDICE. 
 2. Texas Insurance Code Section 541.052 
 Section 541.052 of the Texas Insurance Code prohibits false information and advertising from
 -8- 
being published to the public. Tex. Ins. Code § 541.052(b). As discussed above, Plaintiff does not
describe in factual detail the alleged misrepresentations or false statements that Defendant
made—whether to Defendant or the public. See supra at 7–8. 

 Thus, Plaintiff has failed to state a claim under § 541.052 of the Texas Insurance Code. This
claim is DISMISSED WITHOUT PREJUDICE. 
 3. Texas Insurance Code Section 541.060 
 Section 541.060 of the Texas Insurance Code prohibits unfair settlement practices. Tex. Ins.
Code § 541.060. These include, among others: 
 (1) misrepresenting to a claimant a material fact or policy provision relating to
 coverage at issue; 
 (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable
 settlement . . . ; 
 (3) failing to promptly provide to a policyholder a reasonable explanation of the basis
 in the policy, in relation to the facts or applicable law, for the insurer’s denial of a
 claim . . . ; 
 (4) failing within a reasonable time to 
 (A) affirm or deny coverage of a claim to a policyholder; 
 . . . 
 (7) refusing to pay a claim without conducting a reasonable investigation with respect 
 to the claim[.] 
Tex. Ins. Code § 541.060. 
 Plaintiff’s amended complaint merely restates this section of the Texas Insurance Code
without providing factual detail of how Defendant committed unfair settlement practices. See, e.g.,
Doc. 11, Am. Compl., ¶ 12(g) (alleging that Defendant failed “to attempt in good faith to effectuate
 -9- 
a prompt, fair, and equitable settlement of Plaintiff’s life insurance claim”); id. ¶ 12(h) (alleging
Defendant refused “to pay Plaintiff’s life insurance claim without conducting a reasonable
investigation”); id. ¶ 12(j) (alleging that Defendant did not “promptly giv[e] Plaintiff a reasonable

explanation . . . for [Defendant’s] delay and/or denial in payment of Plaintiff[’]s claim under the
Policy”); id. ¶ 12(k) (alleging Defendant did “[n]ot affirm[] or deny[] coverage . . . within a
reasonable amount of time”). 
 Regardless of the standard that the Court must apply—whether it be Rule 8(a) or
9(b)—Plaintiff has failed to meet his burden. The Court finds SHS Investment v. Nationwide Mutual
Insurance Company instructive. See 798 F. Supp. 2d 811. In that case, like here, the plaintiff alleged
misrepresentations and actionable conduct by the defendant, yet did not provide the court details

of the conduct; instead, the plaintiff’s allegations were vague and conclusory. See SHS Inv., 798 F.
Supp. 2d at 817 (“Plaintiff . . . contends that Defendant . . . denied at least part of [Plaintiff’s
insurance claims] without an adequate investigation.”); id. at 819 (“[Plaintiff’s] only allegation is
vague and generic: ‘[Defendant] misrepresented to Plaintiff that the damage to the property was not
covered under the policy, even though the damage was caused by a covered occurrence.’”). The
court, in dismissing the plaintiff’s DTPA and Texas Insurance Code claims, explained that the

plaintiff’s complaint was “largely composed of legal conclusions couched as factual allegations,
formulaic recitations of the elements of a cause of action, generic paraphrases of statutory language,
and conclusory statements without supporting facts.” Id. at 821. Especially applicable here is the
court’s point that the “Plaintiff fail[ed] to identify what was inadequate in [Defendant’s]
investigation,” id., and that questions that needed to be answered by the complaint included, “what
would a reasonable investigation consist of, [and] what facts show that the investigation was
 -10- 
outcome-oriented[?]” Id. at 818 n.16. 
 Similarly, here, without more facts showing “[w]hat conduct by [Defendant] misrepresented
what,” see id. at 817 n. 10, how Defendant’s investigation was outcome-oriented, and so forth,

Plaintiff has failed to adequately state a claim under Texas Insurance Code § 541.060. As will be
explained further below, the Court will give Plaintiff an opportunity to re-plead. The Court
recommends that Plaintiff looks to footnotes 2–17 of SHS Investment, and that decision in general,
for guidance on what the Court expects from a sufficiently pled complaint, both for a claim under
§ 540.060 of the Texas Insurance Code and the remainder of Plaintiff’s claims at issue. See id. at
816–21. 
 This claim is DISMISSED WITHOUT PREJUDICE. 

 3. Proper pleading standard 
 Because the Court, as will be explained later, will give Plaintiff the opportunity to re-plead,3
it deems it necessary to resolve the proper pleading standard for Plaintiff’s DTPA and Texas
Insurance Code Claims. The Court determines that insofar as Plaintiff pleads a Texas Insurance
Code or DTPA claim based on the conduct alleged in paragraph 12(c) of his amended complaint,
Plaintiff must do so under Rule 9's heightened pleading standard. As to his other allegations, Plaintiff

need only satisfy Rule 8(a)(2)’s pleading requirements. 
 “Rule 9(b) applies by its plain language to all averments of fraud, whether they are part of a
claim of fraud or not.” Lone Star Ladies Inv. Club v. Schlotzsky’s Inc., 238 F.3d 363, 368 (5th Cir.

 3 In light of the Court’s dismissal without prejudice, the Court will not consider Plaintiff’s Policy and
Application-based arguments. See Doc. 14, Def.’s Br., 10. The Court finds it more appropriate to evaluate
such arguments, if Defendant deems necessary, should Plaintiff decide to file a second amended complaint
with added factual allegations. 
 -11- 
2001) (citation omitted). In the context of DTPA and Texas Insurance claims, the court in SHS
Investments explained that: 
 Where [t]he factual background of claims is substantively identical, causes of action
 arising under DTPA, the Texas Insurance Code, or common law fraud must satisfy
 Rule 9(b), which reaches all cases where the gravaman of the claim is fraud even
 though the theory supporting the claim is not technically termed fraud.
798 F. Supp. 2d at 815 (alterations in original) (citations and quotation marks omitted). 
 Here, the Court concludes that the allegations in paragraph 12(c) are based in
fraud—specifically, nondisclosure and fraudulent inducement. See Doc. 11, ¶ 12(c) (alleging that
Defendant’s “failure to disclose was intended to induce Crystal [Jackson] to enter into a
transaction”). Thus, although “the theory supporting the claim is not technically termed fraud,” “the
gravaman of the claim is fraud.” SHS Invs., 798 F. Supp. 2d at 815 (alterations in original) (citations
and quotation marks omitted). 
 However, Plaintiff’s other DTPA and Texas Insurance Code allegations are not based in
fraud. These include the allegations in paragraph 12(a)–(b), and (d)–(l). See Doc. 11, Am. Compl. 

 In Abbey v. Preston H.O.A. v. Admiral Insurance Company, the court noted that “although a
misrepresentation is an element of [the plaintiff’s] Insurance Code and DTPA claims, fraud is not.
Thus, Rule 9(b) does not apply.” See 2013 WL 12137742, at *2 (N.D. Tex. July 29, 2013) (citations
omitted). Here, in the at-issue allegations, like in Abbey, Plaintiff alleges Defendant made
misrepresentations—not that Defendant committed fraud. See Doc. 11, Am. Compl., ¶¶ 12(a)–(b),
(d)–(g). 

 Additionally, the allegations in paragraph 12 (g)–(l) are based on alleged wrongful refusal of
the Policy without a reasonable investigation. See id. ¶ 12(g)–(l). Those allegations are not based on

 -12- 
fraudulent conduct and do not need to be pled under Rule 9(b)’s heightened pleading standard. 
 Therefore, insofar as Plaintiff pleads a Texas Insurance Code or DTPA claim based on the
conduct alleged in paragraph 12(c) of his amended complaint, Plaintiff must do so under Rule 9's

heightened pleading standard. As to his other allegations, Plaintiff need only satisfy Rule 8(a)(2)’s
pleading requirements. 
D. Duty of Good Faith and Fair Dealing 
 Next, Defendant seeks dismissal of Plaintiff’s breach-of-the-duty-of-good-faith-and-fair-
dealing claim. Doc. 14, Def.’s Br., 12. Defendant believes that Plaintiff’s claim is characterized by
“legal conclusions” that “simply track the elements of” a breach-of-the-duty-of-good-and-fair-dealing
claim. Id. at 13. Specifically, Defendant contends that Plaintiff has failed to show facts that

demonstrate “that ‘there [was] no reasonable basis for denial of [the] claim or delay in payment or
a failure on the part of [Defendant] to determine whether there is any reasonable basis for the denial
or delay.’” Id. at 12 (quoting Arnold v. Nat’l Cty. Mut. Fire Ins. Co., 725 S.W.2d 165, 167 (Tex.
1987)). Additionally, Defendant argues that to sustain such a claim, Plaintiff must also plead extra-
contractual damages, which Defendant contends Plaintiff did not do. Id. at 13–14. 
 In response, Plaintiff asserts that his amended complaint contains facts that support the

conclusion that Defendant conducted an “unreasonable investigation resulting in the denial of
[Plaintiff’s] claim without a reasonable basis[.]” Doc. 19, Pl.’s Resp., 15. Plaintiff states that there
was: 
 no inquiry or determination of [Crystal Jackson’s] intent to deceive, no investigation
 as to whether any alleged error on the Application is a result of a mistake [or]
 carelessness, no acknowledgement [sic] of [Defendant’s] knowledge of the medical
 information disclosed on the Application, and no investigation into what its agent
 Heather knew. 
 -13- 
Id. Plaintiff himself notes that his arguments for why his DTPA and Texas Insurance Code claims
should be sustained “apply equally to Plaintiff’s claim for breach of the duty of good faith and fair
dealing.” Id. 

 Plaintiff also asserts that he need not plead extra-contractual damages for his claim because
the claims are “often ‘largely interwoven’” with insurance contract-based claims. Id. at 14 (quoting
USAA Tex. Lloyds Co. v. Menchaca, 545 S.W.3d 479, 489 (Tex. 2018)). 
 To sustain a breach-of-the-duty-of-good-faith-and-fair-dealing claim in relation to an
insurance policy, a plaintiff must “allege[] that there is no reasonable basis for denial of a claim or
delay in payment or a failure on the part of the insurer to determine whether there is any reasonable
basis for the denial or delay.” Arnold, 725 S.W.2d at 167. 

 Here, Plaintiff does no more than recite this legal standard. See Doc. 11, Am. Compl., ¶ 5
(“Based on its failure to conduct a proper and reasonable investigation, [Defendant] refused payment
to Plaintiff without a reasonable legal and/or factual basis.”); id. ¶ 10 (“[Defendant] breached the
common law duty of good faith and fair dealing by denying the claim without a reasonable basis and
by failing to conduct a reasonable investigation . . . . [Defendant] also breached its duty by
unreasonably delaying payment of the claims and failing to settle said claim when it knew or should

have known that it was reasonably clear that the claim was covered.”). Although the facts Plaintiff
points to in his response, see Doc. 19, Pl.’s Resp., 8–9, may sustain a breach-of-the-duty-of-good-
faith-and-fair-dealing claim, those facts are found nowhere in the amended complaint and thus
cannot be considered in this motion to dismiss.4 See Dorsey v. Portfolio Equities, Inc., 540 F.3d 333,

 4 The Court in no way means to imply that if such facts were pled, that the allegations would be
sufficient. The Court does not analyze these allegations, as they are outside the complaint. 
 -14- 
338 (5th Cir. 2008) (citation omitted) (“Because the court reviews only the well-pleaded facts in the
complaint, it may not consider new factual allegations made outside the complaint[.]”). Plaintiff’s
allegations as set forth in his complaint are conclusory and insufficient at the motion-to-dismiss stage.

See SHS Inv., 798 F. Supp. 2d at 818 (finding that an allegation that defendant breached the duty
of good faith and fair dealing by “failing to adequately and reasonably investigate and evaluate
Plaintiff’s claims” was “conclusory and mentions abstract elements of the cause of action without
showing facts that demonstrate their existence”). 
 Accordingly, Defendant’s motion to dismiss Plaintiff’s breach-of-the-duty-of-good-faith-and-
fair-dealing claim is granted. The claim is DISMISSED WITHOUT PREJUDICE.5 
E. Prompt Payment of Claims Act 

 Finally, Defendant seeks dismissal of Plaintiff’s Prompt Payment of Claims Act claim. Doc.
14, Def.’s Br., 14. Defendant argues that Plaintiff’s amended complaint fails to show “how
[Defendant’s] investigation was improper and untimely and how its rejection of the claims was
wrongful.” Id. (emphasis in original). Defendant also notes how “Plaintiff . . . fails to allege any
relevant date or dates, which would be necessary to allege when payment was ostensibly required.”
Id. at 14–15. 

 Plaintiff argues that he has pled that he timely made a claim under the Policy, and that
Defendant “failed to pay the claim within 60 days,” therefore violating the Prompt Payment of
Claims Act. Doc. 19, Pl.’s Resp., 15–16. Id. 
 5 The Court need not decide whether Plaintiff is required to plead extra-contractual damages to
sustain this claim, as he has already done so. See Doc. 11, Am. Compl., ¶ 18 (alleging that Plaintiff suffered
“mental anguish” from “Defendant’s knowing and/or intentional misconduct”). Although Defendant casts
doubt on this allegation, see Doc. 14, Def.’s Mot., 14, Plaintiff’s allegations are taken as true for the purposes
of this motion. 
 -15- 
 Plaintiff alleges that Defendant violated § 542.051 of the Texas Insurance Code. Doc. 11,
Am. Compl., ¶ 15. However, that section is the definitions section of the Prompt Payment of Claims
Act. See Tex. Ins. Code § 542.051. Plaintiff also mentions § 542.058, which states that:

 Except as otherwise provided, if an insurer, after receiving all items, statements, and
 forms reasonably requested and required under Section 542.055, delays payment of
 the claim for a period exceeding the period specified by other applicable statutes or,
 if other statutes do not specify a period, for more than 60 days, the insurer shall pay
 damages and other items provided by Section 542.060. 
Tex. Ins. Code § 542.058. 
 Plaintiff alleges that Defendant violated the Prompt Payment of Claims Act “by failing to
properly and timely investigate the claim in compliance with the Act, and by failing to pay said
claim.” Doc. 11, Am. Compl., ¶ 15; see also id. ¶ 16 (“[Defendant’s] wrongful rejection of the claim
necessarily means it failed to pay within 60 days, thus constituting an automatic violation of Section
542.058.”). 
 Under Chapter 542 of the Texas Insurance Code, a plaintiff must show: (1) “a claim under
an insurance policy,” (2) “for which the insurer is liable,” and (3) “the insurer failed to follow one
or more sections of Chapter 542 with respect to the claim.” U.S. Fire Ins. Co. v. Lynd Co., 399
S.W.3d 206, 220 (Tex. App.—San Antonio 2012, no pet.); Hamilton Props. v. Am. Ins. Co., 2014
WL 30555801, at *12 (N.D. Tex. July 7, 2014) (citation omitted). However, as this Court has
already concluded, Plaintiff has failed to allege facts that show how Defendant’s rejection of Plaintiff’s
claim was wrongful. See supra Section III.B–C. Thus, Plaintiff has failed to allege element (2), and
therefore element (3), of a Prompt Payment of Claims Act claim. See U.S. Fire Ins. Co., 399 S.W.2d
at 220. 
 Therefore, Plaintiff does not state a claim for a Prompt Payment of Claims Act violation.

 -16- 
That claim is hereby DISMISSED WITHOUT PREJUDICE. 
F. Granting Leave to Amend 
 Plaintiff requests leave to amend should the Court dismiss any of his claims. Doc. 19, Pl.’s

Resp., 17. Defendant opposes this request, arguing that Plaintiff has already amended his complaint
once. Doc. 20, Def.’s Reply, 9. Although that is true, “this is the first time the [C]ourt has addressed
whether [his] pleadings sufficiently state a claim on which relief can be granted.” Jamison v. Fluor Fed.
Sols., LLC, 2017 WL 3215289, at *11 (N.D. Tex. July 28, 2017) (alterations in original) (citation
omitted). Further, the Fifth Circuit has noted with approval that “district courts often afford
plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is
clear that the defects are incurable . . . .” Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.,

313 F.3d 305, 329 (5th Cir. 2002). 
 Thus, the Court dismisses Plaintiff’s DTPA, Texas Insurance Code, Prompt Payment of
Claims Act, and breach-of-the-duty-of-good-faith-and-fair-dealing claims without prejudice “to
ensure that the Court’s final decision is based not on the sufficiency of his pleadings but the merits
of his claims[.]” Jamison, 2017 WL 3215289, at *11 (citation omitted). 

 IV. 
 CONCLUSION 
 For the foregoing reasons, the Court dismisses Plaintiff’s DTPA, Texas Insurance Code,
Prompt Payment of Claims Act, and breach-of-the-duty-of-good-faith-and-fair-dealing claims

WITHOUT PREJUDICE. The Court ORDERS Plaintiff to file his second amended complaint
within 21 days of this Order. 

 -17- 
SO ORDERED. 
SIGNED: May 12, 2020. 

 JANE J. BOYLE 
 NITED ATES DISTRICT JUDGE 

 -18-